**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| John Longhurst, | Civil Action No.: _____ |
|             Plaintiff, | |
| v. | |
| Enhanced Recovery Company, LLC, | **DEMAND FOR JURY TRIAL** |
|             Defendant. | |

## COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, John Longhurst, by undersigned counsel, states as follows:

## JURISDICTION

1.  This action arises out of Defendant'ss repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), Michigan Collection Practices Act, M.C.L. § 445.251, *et seq*. ("MCPA"), Michigan Occupational Code, M.C.L. § 339.901, et seq. ("MOC"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, John Longhurst ("Plaintiff"), is an adult individual residing in Alpena, Michigan, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Enhanced Recovery Company, LLC ("Enhanced"), is a Florida business entity with an address of 8014 Bayberry Road, Jacksonville, Florida 32256, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Enhanced at all times acted by and through one or more of the collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $651.00 (the "Debt") to Wells Fargo (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Enhanced for collection, or Enhanced was employed by the Creditor to collect the Debt.

10. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Enhanced Engages in Harassment and Abusive Tactics

11. Within the last year, Enhanced contacted Plaintiff in an attempt to collect the Debt.

12. Enhanced called Plaintiff two to three times per day, multiple times per week for successive weeks.

13. During each contact, Plaintiff offered to make monthly payments in the amount of $100.00 in an effort to reduce the amount owed until the Debt was fully satisfied.

14. Each time, Enhanced refused to accept Plaintiff's offer and demanded payments in greater amounts, which Plaintiff could not afford.

15. Enhanced stated that unless Plaintiff paid $200.00 immediately, the account would be marked down as "refusal to pay".

16. Enhanced threatened to ruin Plaintiff's credit for the rest of his life and stated that Plaintiff would never be able to get another credit card, a car or a house.

17. Enhanced threatened to garnish Plaintiff's wages if the Debt was not paid within 30 days. Enhanced neither sued nor obtained a judgment against Plaintiff, therefore had no legal authority to garnish Plaintiff's wages.

18. Enhanced oftentimes terminated the call while Plaintiff was in a mid-sentence, causing frustration to Plaintiff.

C. **Plaintiff Suffered Actual Damages**

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

20. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

24. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

25. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

26. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character, amount and legal status of the Debt.

27. The Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened the Plaintiff with garnishment if the Debt was not paid.

28. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

29. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

30. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT, M.C.L. § 445.251, et seq.

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Plaintiff is a "consumer" and "debtor" as the term is defined by M.C.L. § 445.251(d).

34. The Defendant is a "collection agency" as the term is defined by M.C.L. § 445.251(b).

35. The Plaintiff incurred a debt as a term is defined by M.C.L. § 445.251(a).

36. The Defendant's conduct violated M.C.L. § 445.252(a) in that Defendant communicated with Plaintiff in a misleading or deceptive manner.

37. The Defendant's conduct violated M.C.L. § 445.252(e) in that Defendant made an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealed or not revealed the purpose of a communication when that was made in connection with collecting a debt.

38. The Defendant's conduct violated M.C.L. § 445.252(f)(iii) in that Defendant misrepresented in a communication with Plaintiff that the nonpayment of a debt will result in the Plaintiff's seizure, garnishment, attachment, or sale of the Plaintiff's property.

39. The Defendant's conduct violated M.C.L. § 445.252(n) in that Defendant used a harassing, oppressive, or abusive method to collect a debt.

40. The Defendant's conduct violated M.C.L. § 445.252(n) in that Defendant caused a telephone to ring or engaged Plaintiff in telephone conversation repeatedly, continuously, or at unusual times or places which were known to be inconvenient to the Plaintiff.

41. The foregoing willful acts and omissions of the Defendant constitute numerous and multiple violations of the MCPA, including every one of the above-cited provisions.

42. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT III

## VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE,

## M.C.L. § 339.901, et seq.

43. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Defendant is a "collection agency" as the term is defined in M.C.L. § 339.901(b).

45. Plaintiff is a "consumer" and "debtor" as the terms is defined in M.C.L. § 339.901(f).

46. The Defendant's conduct violated M.C.L. § 339.915(a) in that Defendant communicated with Plaintiff in a misleading or deceptive manner.

47. The Defendant's conduct violated M.C.L. § 339.915(e) in that Defendant made an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealed or not revealed the purpose of a communication when that was made in connection with collecting a debt.

48. The Defendant's conduct violated M.C.L. § 339.915(f)(i) in that Defendant misrepresented in a communication with Plaintiff the legal status of a legal action being taken or threatened.

49. The Defendant's conduct violated M.C.L. § 339.915(f)(iii) in that Defendant misrepresented in a communication with Plaintiff that the nonpayment of a debt will result in the Plaintiff's seizure, garnishment, attachment, or sale of the Plaintiff's property.

50. The Defendant's conduct violated M.C.L. § 339.915(n) in that Defendant used a harassing, oppressive, or abusive method to collect a debt.

51. The Defendant's conduct violated M.C.L. § 339.915(n) in that Defendant caused a telephone to ring or engaged Plaintiff in telephone conversation repeatedly, continuously, or at unusual times or places which were known to be inconvenient to the Plaintiff.

52. The foregoing willful acts and omissions of the Defendant constitute numerous and multiple violations of the MOC, including every one of the above-cited provisions.

53. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT IV

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

54. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

56. Michigan further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Michigan state law.

57. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with above referenced telephone calls.

58. The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

59. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

60. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

61. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT V

## INTENTIONAL (OR NEGLIGENT) INFLICTION OF EMOTIONAL DISTRESS

62. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

63. The acts, practices and conduct engaged in by the Defendant vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

64. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Michigan.

65. All acts of Defendant and the collectors complained of herein were committed with malice, intent, wantonness, recklessness, and negligence, and as such, Defendant is subject to imposition of punitive damages.

66. Defendant could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiff.

67. Plaintiff did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

68. Defendant's conduct resulted in negligent infliction of emotional distress under the laws of the State of Michigan.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), M.C.L. § 445.257(2), and M.C.L. § 339.916(2) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), and statutory damages pursuant to M.C.L. § 445.257(2) and M.C.L. § 339.916(2) against Defendant;

3. Treble damages pursuant to M.C.L. § 445.257(2) and M.C.L. § 339.916(2) against Defendant;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), M.C.L. § 445.257(2), and M.C.L. § 339.916(2) against Defendant;

5.  Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6.  Punitive damages against Defendant; and

7.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 28, 2012

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff John Longhurst
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (888) 953-6237
Email: slemberg@lemberglaw.com